Receipt #061931

ORIGINAL

FILED
DEC 20 2004
U.S. COURT OF
FEDERAL CLAIMS

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRIDE COMPANIES, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | No. 04-1785C |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

For its Complaint, Plaintiff, Pride Companies, L.P. ("Pride"), alleges as follows:

**INTRODUCTION**

1. Pride entered a series of contracts with the United States government for the purchase of fuel.

2. The contracts contained a price adjustment clause that permitted the government to change the price it paid for fuel by as much as sixty percent of the contract price.

3. In *Barrett Refining Corp. v. United States*, 242 F.3d 1055 (Fed. Cir. 2001), the United States Court of Appeals for the Federal Circuit held that the government's price adjustment clause based on a price index was illegal. *See also*, *La Gloria Oil & Gas Co. v. United States*, 56 Fed. Cl. 211 (2003).

4. The government profited from its illegal price adjustment clause by materially underpaying Pride and then denied Pride's claims for relief.

5. Pride seeks here to be made whole for the government's violation of the law.

## THE PARTIES

6. Pride is a Delaware corporation, headquartered in Abilene, Texas.

7. Defendant is the United States acting, *inter alia*, through the Defense Energy Support Center ("DESC"). DESC is part of the Defense Logistics Agency, which is part of the Department of Defense. DESC previously was known as the Defense Fuel Supply Center.

## JURISDICTION

8. This Court has jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491 (2002), 41 U.S.C. §§ 601-13 (2002), and U.S. Const. amend. V.

## STATEMENT OF THE CASE

### I. THE CONTRACTS

9. From at least 1980 to 1999, DESC was the largest purchaser of fuel in the United States and the sole purchaser and user of military grade fuels. During this period, DESC purchased over $90 billion of military fuel. By virtue of DESC's market position, DESC had substantial market power and substantial ability to affect the prices it paid for military fuels.

10. From 1997 to 1998, Pride and DESC entered a series of long-term contracts for the purchase of approximately $104 million of military fuel. The contracts provided for the purchase of different types of military fuel at different locations in the United States.

11. Pride's contracts contained DESC's standard price adjustment clause. DESC's price adjustment clause permitted DESC to change the monthly price it paid Pride for fuel by as much as sixty percent of the contract price.

12. DESC has acknowledged at least two authorized purposes for its price adjustment clause: First, to protect DESC and Pride against market fluctuations, and, second, to ensure that

the prices DESC paid Pride for military fuels under the long-term contracts reflected at least fair market value.

13. DESC's price adjustment clause permitted DESC to adjust the prices it paid Pride for fuel based on changes in specified price indexes.

14. Contrary to the acknowledged purposes of DESC's price adjustment clause, the price indexes used by DESC did not protect Pride against market fluctuations, and did not ensure that the prices DESC paid Pride for military fuel reflected at least fair market value.

15. As a result of DESC's use of price indexes in its price adjustment clause, DESC paid Pride prices for fuel that were materially below fair market value.

## II. <u>DESC'S ILLEGAL PRICE ADJUSTMENT CLAUSE</u>

16. DESC's price adjustment clause was illegal.

17. In *Barrett Refining Corp. v. United States*, 242 F.3d 1055 (Fed. Cir. 2001), the Federal Circuit held that the standard price adjustment clause used by DESC violated law and regulation because it did not base price adjustments on a supplier's own established prices or costs. *See also*, *La Gloria Oil & Gas Co. v. United States*, 56 Fed. Cl. 211 (2003). Instead, DESC illegally based price adjustments on price indexes, which resulted in prices that were materially below fair market value.

18. DESC violated the law in other respects in awarding and administering Pride's contracts. DESC violated the Office of Federal Procurement Policy Act and its implementing regulations by using illegal auction techniques. DESC awarded Pride's contracts in violation of DOD Federal Acquisition Regulation ("DFAR") pt. 219, by improperly soliciting and awarding portions of the procurements set aside for small and small disadvantaged businesses. DESC violated the equal protection component of the Fifth Amendment's due process clause by

extending to minority-owned businesses bidding preferences that were not narrowly tailored to further a compelling government interest.

19. DESC violated the law knowingly.

20. DESC thus combined its substantial market power and substantial ability to affect the price of military fuel with a knowing violation of law and regulation to reduce the price it paid for fuel below fair market value.

21. DESC profited from violating the law by paying Pride materially less than fair market value for the fuel DESC purchased.

## III. PRIDE'S CERTIFIED CLAIMS

22. Pursuant to the Contract Disputes Act, Pride submitted certified claims to DESC's contracting officer seeking relief from DESC's illegal price adjustment clause and from DESC's other violations of law in awarding and administering Pride's contracts.

23. Pride submitted certified claims under the following contracts on the dates indicated:

| Contract | Date Submitted |
|---|---|
| SPO600-97-D-0472 | October 30, 2003 |
| SPO600-97-D-0509 | October 30, 2003 |
| SPO600-98-D-0471 | February 17, 2004 |

## IV. DESC'S FINAL DECISIONS

24. On December 23, 2003, DESC's contracting officer issued a final decision on Pride's claims under Contract Numbers SPO600-97-D-0472 and SPO600-97-D-0509. On April 6, 2004, DESC's contracting officer issued a final decision on Pride's claim under Contract Number SPO600-98-D-0471.

25. Despite having determined the price of fuel illegally, DESC asserted in its final decisions that it had paid Pride fair market value for the fuel Pride supplied under the long-term contracts.

26. DESC denied that Pride was entitled to any recovery and denied all of Pride's claims.

27. Pursuant to the Contract Disputes Act, Pride hereby timely files suit upon and appeals the entirety of DESC's December 23, 2003 and April 6, 2004 final decisions.

**COUNT I**
**(Illegality)**

28. Pride realleges and incorporates by reference the allegations set forth in paragraphs 1 through 27, above.

29. DESC knowingly awarded and administered each of Pride's contracts in violation of law and regulation, *inter alia*, by basing price adjustments on price indexes, which resulted in prices that were materially below fair market value.

30. DESC knowingly awarded and administered each of Pride's contracts in violation of law and regulation, *inter alia*, by violating the Office of Federal Procurement Policy Act and its implementing regulations, DFAR pt. 219, and the equal protection component of the Fifth Amendment's due process clause.

31. DESC's violation of law and regulation in awarding and administering Pride's contracts damaged Pride.

32. Pride is entitled to recover based on the fair market value of the fuel it delivered to DESC in an amount of at least $24,516,050.25, plus interest, by way of reformation, *quantum valebant*, or rescission and restitution.

**COUNT II**
**(Misrepresentation)**

33. Pride realleges and incorporates by reference the allegations set forth in paragraphs 1 through 32, above.

34. DESC knowingly awarded and administered Pride's contracts in violation of law and regulation.

35. DESC knowingly based price adjustments on price indexes that were not designed or intended to protect Pride against market fluctuations and which resulted in prices that were materially below fair market value.

36. In awarding and administering the contracts, DESC, through the contracting officer and others, misrepresented and otherwise failed to disclose its violation of law and regulation.

37. In awarding and administering the contracts, DESC, through the contracting officer and others, misrepresented and otherwise failed to disclose that the price indexes were not designed or intended to protect Pride against market fluctuations.

38. Pride reasonably relied upon DESC's material and/or fraudulent misrepresentations as an inducement to enter the contracts.

39. DESC's material and/or fraudulent misrepresentations damaged Pride.

40. Pride is entitled to recover based on the fair market value of the fuel it delivered to DESC in an amount of at least $24,516,050.25, plus interest, by way of rescission and restitution, damages, or reformation.

**COUNT III**
**(Breach of Contract)**

41. Pride realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40, above.

42. DESC's compliance with law and regulation in awarding and administering the contracts was a material condition of the contracts upon which Pride reasonably relied in entering the contracts.

43. DESC's basing price adjustments on standards that were designed or intended to protect Pride against market fluctuations was a material condition of the contracts upon which Pride reasonably relied in entering the contracts.

44. In contravention of DESC's contractual obligations, DESC violated law and regulation in awarding and administering the contracts.

45. In contravention of DESC's contractual obligations, DESC based price adjustments on price indexes that were not designed or intended to protect Pride against market fluctuations and which resulted in prices that were materially below fair market value.

46. DESC's violation of law and regulation in awarding and administering the contracts constituted breach of contract.

47. DESC's use of price indexes that did not protect Pride against market fluctuations under the contracts constituted breach of contract.

48. DESC's breach of contract damaged Pride.

49. Pride is entitled to recover based on the fair market value of the fuel it delivered to DESC in an amount of at least $24,516,050.25, plus interest, by way of rescission and restitution, or damages.

**COUNT IV**
**(Implied-In-Fact Contract)**

50. Pride realleges and incorporates by reference the allegations set forth in paragraphs 1 through 49, above.

51. DESC knowingly awarded and administered each of Pride's contracts in violation of law and regulation.

52. DESC's violation of law and regulation in awarding and administering Pride's contracts rendered at least the price terms of Pride's contracts invalid and unenforceable.

53. DESC's violation of law and regulation in awarding and administering Pride's contracts damaged Pride.

54. At least the pricing terms of Pride's contracts are replaced by an implied-in-fact contract to pay the fair market value of the fuel Pride delivered to DESC.

55. Pride is entitled to recover based on the fair market value of the fuel it delivered to DESC in an amount of at least $24,516,050.25, plus interest, by way of an implied-in-fact contract and/or *quantum valebant*.

**COUNT V**
**(Failure of Consideration And Frustration of Purpose)**

56. Pride realleges and incorporates by reference the allegations set forth in paragraphs 1 through 55, above.

57. DESC's compliance with law and regulation in awarding and administering the contracts was a material part of the consideration upon which Pride reasonably relied in entering the contracts and a material purpose of the contracts.

58. DESC's basing price adjustments on standards that were designed or intended to protect Pride against market fluctuations was a material part of the consideration upon which Pride reasonably relied in entering the contracts and a material purpose of the contracts.

59. DESC violated law and regulation in awarding and administering the contracts.

60. DESC based price adjustments on price indexes that were not designed or intended to protect Pride against market fluctuations and which resulted in prices that were materially below fair market value.

61. DESC's violation of law and regulation in awarding and administering the contracts constituted a failure of consideration and frustrated the purpose of the contracts.

62. DESC's use of price indexes that were not designed or intended to protect Pride against market fluctuations constituted a failure of consideration and frustrated the purpose of the contracts.

63. This failure of consideration and frustration of the purpose of the contracts damaged Pride.

64. Pride is entitled to recover based on the fair market value of the fuel it delivered to DESC in an amount of at least $24,516,050.25, plus interest, by way of rescission and restitution.

**COUNT VI**
**(Mistake)**

65. Pride realleges and incorporates by reference the allegations set forth in paragraphs 1 through 64, above.

66. Pride entered and performed the contracts with the intent that they comply with law and regulation. This was a material condition upon which Pride reasonably relied in entering the contracts.

67. Pride entered and performed the contracts with the intent that the standards used to make price adjustments were designed or intended to protect Pride against market fluctuations. This was a material condition upon which Pride reasonably relied in entering the contracts.

68. DESC did not comply with law and regulation in awarding and administering the contracts.

69. DESC based price adjustments on price indexes that were not designed or intended to protect Pride against market fluctuations and which resulted in prices that were materially below fair market value.

70. If DESC did not knowingly award and administer contracts in violation of law and regulation, as alleged above, then DESC must be presumed to have intended to award and administer contracts in accordance with law and regulation.

71. If DESC did not know that price indexes were not designed or intended to protect Pride against market fluctuations, then DESC must be presumed to have used the price indexes with the intent that they were designed or intended to protect Pride against market fluctuations.

72. As the result of a mistake relating to DESC's compliance with law and regulation, DESC and Pride entered and performed contracts in violation of law and regulation.

73. As a result of a mistake, DESC and Pride entered and performed contracts using price indexes that did not protect Pride against market fluctuations.

74. If DESC and Pride had not been mistaken, DESC and Pride would not have entered and performed contracts in violation of law and regulation.

75. If DESC and Pride had not been mistaken, DESC and Pride would not have entered and performed contracts using price indexes that did not protect Pride against market fluctuations.

76. Alternatively, if DESC was not mistaken in awarding and administering contracts in violation of law and regulation, then DESC knew or should have known of Pride's mistake and failed to meet its duty timely to disclose this mistake to Pride.

77. If DESC was not mistaken in awarding and performing contracts using price indexes that did not protect Pride against market fluctuations, then DESC knew or should have known of Pride's mistake and failed to meet its duty timely to disclose this mistake to Pride.

78. The parties' mutual mistake and/or DESC's failure to disclose Pride's unilateral mistake damaged Pride.

79. Pride is entitled to recover based on the fair market value of the fuel it delivered to DESC in an amount of at least $24,516,050.25, plus interest, by way of reformation, or rescission and restitution.

**COUNT VII**
**(Taking)**

80. Pride realleges and incorporates by reference the allegations set forth in paragraphs 1 through 79, above.

81. Pride has property rights in and in relation to the fuel it delivered to DESC. In addition, Pride has property rights in relation to DESC's procurement of the fuel Pride delivered.

82. With no fully supporting claim of right, DESC took possession of and infringed upon Pride's property rights in and in relation to the fuel it delivered.

83. DESC's taking of Pride's property was for a public purpose.

84. To the extent that DESC's taking of Pride's property was effected in conjunction with a violation of law and regulation, DESC acted within the general scope of its authority to procure the fuel.

85. DESC effected a taking of Pride's property within the meaning of the Fifth Amendment of the United States Constitution.

86. DESC has not paid Pride just compensation for the taking of Pride's property.

87. DESC's failure to pay Pride just compensation for the taking of its property violated the Fifth Amendment of the United States Constitution and thereby damaged Pride.

88. Pride is entitled to recover just compensation in an amount of at least $24,516,050.25, plus interest from the time of the taking.

## PRAYER FOR RELIEF

WHEREFORE, Pride requests judgment as follows:

1. $24,516,050.25 plus interest, or such further amount as established prior to judgment;

2. Such other and further relief, including attorney fees, as the Court may deem just and equitable.

Respectfully submitted,

J. Keith Burt

J. Keith Burt
Mayer, Brown, Rowe & Maw, LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3208 (phone)
(202) 263-5208 (fax)

Attorneys for Pride Companies, L.P.

*Of Counsel:*

Michael J. Farley
Mayer, Brown, Rowe & Maw, LLP
1909 K Street, N.W.
Washington, D.C. 20006

David Caddell, Esq.
Pride Companies, L.P.
1209 North Fourth Street
Abilene, Texas 79602

December 20, 2004